RENÉ A. GONZÁLEZ, INC., Appellant, *v.* THE REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. O-69-245.      Decided February 24, 1970.

*R. Rodríguez Lebrón* for appellant. The respondent Registrar appeared by brief.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

In the execution of a judgment rendered by the Caguas Part of the Superior Court on June 24, 1966 in favor of the corporation René A. González, Inc., and against Martín Colón Rivera in an action for the recovery of money, the property object of this administrative appeal was sold at public auction by the marshal. The auction was held on March 27, 1968, and it appears therefrom that the only bidder was René A. González, who was the successful bidder for $300 which he requested to be credited to the judgment, without there being payment in money. The same day of the auction the deed of judicial sale No. 2 of March 27, 1968 was executed before Notary Manuel Cruz Horta, by which the marshal conveyed to René A. González the dominion title of the attached property, for the amount of $300 which was credited to the total sum of the judgment.

On November 6, 1968 the judge of the Caguas Part, at the request of the plaintiff corporation, and of the bidder himself, René A. González proceeded to correct, through an order issued, the auction certificate in order to set forth therein that the offer made by René A. González was for the plaintiff corporation, and that the property was awarded to plaintiff René A. González, Inc., which was represented at the auction by its President, René A. González; as well as that the offer and the award therein were not made in the latter's personal character.

The court ordered that an amended auction certificate be attached to the record and that the marshal execute the proper explanatory notarial certificate of the original deed of execution sale, correcting and clarifying it in the particulars set forth. From the auction certificate it was evident

that González had not appeared as private bidder since he did not carry out his offer in currency, as was the proper thing to do, but he requested that it be credited to the judgment of the corporation of which he was President.

In accordance with the foregoing order, on November 6, 1968 the explanatory certificate of judicial sale was executed before Notary Manuel Cruz Horta, at which the marshal and René A. González appeared, now "as President and in representation of the domestic corporation René A. González, Inc., with offices in San Juan, Puerto Rico, being of age, married and resident of Santurce, Puerto Rico." According to the explanatory certificate the title to the property was conveyed to the aforementioned Corporation, by virtue of the process of execution.

When the aforementioned deeds No. 2, original deed of execution sale, and No. 12, explanatory deed, were presented to the Registry of Property, the Registrar refused to record with the following note:

"Refused after examining deed No. 12 executed in Caguas on November 6, 1968 before Notary Manuel Cruz Horta on the back of folio 162 of volume 102 of Caguas, property No. 1161, entry B, and other deeds because the order of the Court to issue a writ of execution, which is not certified nor signed by the Judge states that it is issued for the purpose of attaching, not of selling attached property, the writ of execution does not grant power to the marshal to place the property in the hands of the successful bidder, but only to sell it at public auction, and the character of René González is not acknowledged, nor are there reasonable grounds to understand that such power exists, in lieu of which a cautionary notice for 120 days is entered in favor of the purchaser. Caguas, October 31, 1969."

■ This was a personal action for the recovery of money and not one of foreclosure of a mortgage by ordinary proceedings. Section 2 of the Act of March 9, 1905, which provides that in an action for the foreclosure of a mortgage the order foreclosing the lien upon immovable property has all the force

and effect of a writ of possession between the parties to such suit as well as between the latter and any person claiming in such suit by virtue of any right acquired during such suit; and the court shall so direct in the judgment, issuing an order, so that the *marshal or other officer* executing such order of sale shall proceed *to place the purchaser of the property sold in possession thereof* within thirty days after the day of sale, is not applicable. Aside from the fact that this section is not applicable to the case at bar, its contents do not govern the question of the title by itself, nor constitute a writ of execution affecting the operations of the Registry of Property. The same may be said in regard to the pertinent part of Rule 51.3 of the Rules of Civil Procedure.

■ The property sold at public auction had been previously attached in the suit to secure the effectiveness of the judgment, and said attachment had been entered in the Registry of Property thus being a part of the Registry entries which the Registrar had before him. The property was subject, therefore, to the execution sale.

The writ of execution issued by the Clerk to the marshal ordered him to execute the judgment through attachment *"and the sale at public auction"* of the property of the defendant. The order of execution signed by the judge provides that in order to satisfy the rest of the judgment, the Clerk should issue a writ of execution directed to the marshal "to proceed to the attachment of any other property of defendant designated by plaintiff, and specially, the following real property attached also in said proceedings for the effectiveness of the judgment." (The foreclosed property is described.)

■ The order of execution signed by the judge, unquestionably permitted the sale even though it was not stated in the exact terms which the Clerk used in the writ.[1]

---

[1] Since a judgment may be executed following different proceedings pursuant to the provisions of Rule 51 and other pertinent provisions of the Code of Civil Procedure, it is advisable and produces more certainty

On the grounds stated, the recording, and not the refusal, of the title requested was proper.

■ In view of the fact that what the court stated in its order of November 6, 1968 to the effect that René A. González appeared at the auction as President of the Corporation René A. González, Inc., was the result of González' own request; and proof of González' standing as President of the Corporation, as he appeared in said deed, not having been attached to the explanatory deed of execution sale No. 12, there not appearing from the record before us that said proof was taken to the Registry as complementary document, it is fitting, insofar as this point is concerned, that the recording be entered with the curable defect that said representation was not established. *Rojas, Randall & Co.* v. *Registrar of Guayama,* 27 P.R.R. 20 (1919); *López* v. *Registrar,* 39 P.R.R. 435 (1929); *cf. Menéndez* v. *Registrar,* 45 P.R.R. 77 (1933).

■ The Registrar contends that the defect bars the recording relying on § 1211 of the Civil Code, 1930 ed. Under the general provisions of Title II concerning contracts, said section provides that no one can contract in the name of another without being authorized by him, or without having his legal representation according to law, right after, it declares void the contract executed in the name of another by one who has neither his authorization nor legal representation, unless it is ratified by the person in whose name it was executed before being revoked by the other contracting party.

Despite the Registrar's worthy effort to maintain the purity of the entries of the Registry, we must conclude that under the circumstances of this case, § 1211 of the Civil Code is not applicable for there is only one curable defect, and not the existence of nullity of the title which may bar its record-

that the order of the court be literally transcribed in the writs of execution issued by the clerk to the marshal, and not to issue the writ by way of report or reference .

ing. *Cf. Lókpez* v. *Lókpez,* 64 P.R.R. 652 (1945) ; *Maestre* v. *Registrar of Property,* 14 P.R.R. 661 (1908).

The above-copied note shall be reversed, and the recording of the title object of this appeal with the curable defect set forth shall be ordered, if it is not cured before the recording.

Mr. Chief Justice Negrón Fernández and Mr. Justice Blanco Lugo did not participate herein.